NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA FUENTES DE RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY A. ROSEN, Acting Attorney General, <br><br> Respondent. | No. 18-73358 <br> 19-72883 <br><br> Agency No. A208-924-017 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2021**
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Lorena Fuentes de Ramirez and her two children, who are natives and

citizens of El Salvador, petition for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing their appeal from an order of an

immigration judge ("IJ") denying their applications for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1]  Fuentes de Ramirez also argues that the agency[2] lacked jurisdiction and violated her due process rights, and that it erred in denying her request for a continuance to allow for consolidation of her proceedings with her husband's.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Fuentes de Ramirez moved to terminate her proceedings, arguing that she was improperly denied a credible fear interview, and that the IJ consequently lacked jurisdiction over her applications.  We review questions of law de novo, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  The government properly exercised its discretion by placing Fuentes de Ramirez in regular removal proceedings, *Flores v. Barr*, 934 F.3d 910, 916 (9th Cir. 2019) (citing *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 521-22 (BIA 2011)), which do not require a credible fear interview, *see* 8 U.S.C. § 1229a.  Contrary to Fuentes de Ramirez's argument, 8 C.F.R. § 208.2(a)'s grant of initial jurisdiction to U.S. Citizenship and Immigration Services does not apply here.  *See*

---

[1] Because Fuentes de Ramirez's children's applications are derivative and allege no claims independent of their mother's, this disposition refers to Fuentes de Ramirez's petition in the singular for simplicity.

[2] We refer to the BIA and the IJ collectively as "the agency."  *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) (explaining that this court will review both the BIA and the IJ's decisions when the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)).

8 C.F.R. § 208.2(b).

Alternatively, Fuentes de Ramirez argues that her due process rights were violated because she was entitled to a credible fear interview. We apply de novo review to claims of due process violations in immigration proceedings. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Even if it had been an error to deny Fuentes de Ramirez a credible fear interview, to prove a due process violation resulting from the denial, she would need to "show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Fuentes de Ramirez has not shown prejudice due to being placed in regular removal proceedings instead of expedited removal proceedings. The procedures are similar under either form of review, except that an immigrant in expedited removal proceedings faces the initial hurdle of having to pass a credible fear screening, after which an IJ will consider her claims de novo. *See Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1084 (9th Cir. 2020). By skipping the credible fear stage, Fuentes de Ramirez was effectively treated as though she passed the credible fear interview—no better outcome could have resulted from having a credible fear interview.

Fuentes de Ramirez nonetheless argues that she suffered prejudice because the agency made an adverse credibility determination based, in part, on her failure to mention threats or extortion in El Salvador during her initial interview at the

border. According to Fuentes de Ramirez, a credible fear interview would have given her the opportunity to testify about her experience in more detail, and this additional testimony would have bolstered her credibility. Nothing in the record suggests that the availability of credible fear testimony would have prevented the agency from relying on the significant inconsistencies in Fuentes de Ramirez's other evidence, including her border interview, hearing testimony, and documentary evidence. Therefore, we decline to hold that the government violated Fuentes de Ramirez's constitutional rights.

The agency did not abuse its discretion by denying Fuentes de Ramirez's motion to continue her proceedings so that she could consolidate her proceedings with her husband's. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (stating the standard of review). Fuentes de Ramirez's husband's case was already before the BIA when she made the request, and the lack of consolidation had no effect on his ability to testify in support of her case.

Substantial evidence supports the agency's adverse credibility determination. Fuentes de Ramirez testified that the MS-13 gang extorted her husband, threatened to kill her family, killed two of her neighbors, and told her to leave the area. The agency found that Fuentes de Ramirez failed to mention key parts of this story during her border interview, and that there were significant inconsistencies between her border interview, hearing testimony, and documentary

4

evidence as to the circumstances surrounding her neighbors' murders and the extortion threats received by her family members. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). Fuentes de Ramirez's explanations—mainly, that she was improperly denied a credible fear interview and that her inconsistencies should be considered trivial—do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Fuentes de Ramirez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[3]

Substantial evidence also supports the agency's denial of CAT relief because Fuentes de Ramirez failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).[4]

---

[3] In light of our conclusion regarding credibility, we need not reach the agency's alternative holdings that Fuentes de Ramirez failed to establish a nexus between her fear of persecution and a protected ground, that the government was unable or unwilling to protect her, or that she could not relocate within El Salvador to avoid persecution. *See Simeonov*, 371 F.3d at 538.

[4] With respect to petition no. 19-72883, the BIA did not abuse its discretion by denying Fuentes de Ramirez's motion to reopen. Her challenge to the IJ's jurisdiction based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is foreclosed by this court's recent precedent. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) (holding that *Pereira*'s "narrow ruling does not control" questions of an Immigration Court's jurisdiction over removal proceedings). The Government's motion for summary disposition (Docket No. 6) of that petition for review is granted because the questions it raises are so insubstantial as not to require further

5

**PETITION DENIED.**

---

argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating the standard). The motion for a stay of removal in petition no. 19-72883 (Docket No. 1) is denied as moot.